# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>VIOLIN MEMORY, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 16-12782 (LSS)<br><br>Related D.I. 9 |

### ORDER (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES IN CONNECTION WITH THE SALE, (C) SCHEDULING A SALE HEARING, AND (D) GRANTING CERTAIN RELATED RELIEF

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6003, 6004, 6006, 9007, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2002-1, 6004-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for the entry of an order (a) approving bidding procedures in connection with the sale of the Debtor's assets; (b) approving procedures for the assumption and assignment of certain executory contracts and unexpired leases; (c) scheduling a sale hearing; and (d) granting certain related relief; and the Court having determined that the relief provided herein is in the best interest of the Debtor, its estate, creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of and the evidenced admitted at the hearing on

---

[1] The Debtor's tax identification number is 20-3940944 and its business address is 4555 Great America Parkway, Suite #150, Santa Clara, CA 95054.

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion.

{BAY:03000108v1}
4822-2625-7469.v13

the Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A. Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

B. The Bidding Procedures are fair, reasonable and appropriate, and are reasonably designed to maximize the value to be achieved for the Debtor's assets. The Bidding Procedures comply with the applicable requirements of Local Rule 6004-1.

C. The Sale Notice and Assignment Notice, and the Notice Procedures, all are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, Sale Hearing, Bidding Procedures, and Contract Procedures, the proposed cure costs, and all objection deadlines with respect to the foregoing, and no other or further notice of the Sale or the assumption and assignment of any contracts in connection therewith shall be required.

D. The Contract Procedures are fair, reasonable, and appropriate, and comply with section 365 of the Bankruptcy Code.

E. The entry of this Order is in the best interests of the Debtor, its estate, creditors, and other parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable in accordance with Bankruptcy Rule 7052.

{BAY:03000108v1}    2

2.  All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.  The following deadlines and schedule for the sale process are hereby approved:

| | |
|---|---|
| **Cure Objection Deadline** | January 16, 2017 at 5:00 p.m. (ET) |
| **Bid Deadline** | January 18, 2017 at 5:00 p.m. (ET) |
| **Auction** | January 23, 2017 at 10:30 a.m. (ET) |
| **Sale Objection Deadline** | January 26, 2017 at 5:00 p.m. (ET) |
| **Sale Hearing** | January 30, 2017 at 10:00 a.m. (ET) |
| **Sale Closing Date** | January 31, 2017 |

4.  The Bidding Procedures, a copy of which is attached hereto as **Exhibit 1**, are hereby incorporated as if fully set forth herein and approved. The Debtor is hereby authorized to pursue a sale of all or substantially all of its assets in accordance with the Bidding Procedures, and to take all actions necessary or appropriate to implement the Bidding Procedures.

5.  The Debtor is hereby authorized, in accordance with the Bidding Procedures, to offer the Break-Up Fee to a Qualified Bidder who agrees to provide a Qualified Bid for substantially all assets of the Debtor on a going-concern basis that will serve as the "stalking horse" bid at the Auction.

6.  The following procedures for notice in connection with the Auction and Sale (the "**Notice Procedures**") are hereby approved:

a. <u>Date, Time and Place of the Sale Hearing</u>. The Sale Hearing will be held by the Court on **January 30, 2017 at 10:00 a.m. (ET)** or such other date and time that the Court may direct. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open court or on the docket of this case

b. <u>Sale Notice</u>. Within one (1) business day after entry of the Bidding Procedures Order, the Debtor will serve notice of the Sale (the "**Sale Notice**"), substantially in the form attached as **Exhibit 2** hereto, by first-class mail, postage prepaid upon: (i) the U.S. Trustee; (ii) counsel to any official committee appointed in this case; (iii) non-debtor counterparties to all Potential Designated Contracts (as defined below); (iv) the 40 largest unsecured creditors of the Debtor and all parties who are known to assert a security interest, lien, or other claim or interest in or on the Debtor's assets; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service and applicable state and local taxing authorities; (vii) all applicable state attorneys general and all other government agencies required to receive notice under the Bankruptcy Rules; and (viii) all entities that have requested notice in this case under Bankruptcy Rule 2002. Further, within one (1) business day after entry of the Bidding Procedures Order, or as soon as practicable thereafter, the Debtor will cause the Sale Notice to be published (with such reasonable modifications as are necessary or appropriate for publication) on the claims and noticing agent website at https://cases.primeclerk.com/VMEM.

c. <u>Notice of Results</u>. As soon as practicable after the bid deadline, but no later than one (1) day after said deadline, the Debtor shall provide electronic notice on the case docket whether more than one Qualified Bid has been received and whether the Debtor will proceed with the Auction. As soon as practicable after the Auction, but no later than one (1) day after conclusion of the Auction, the Debtor shall provide electronic notice of the results thereof on the case docket.

d. <u>Deadline for Objection to Relief Sought in the Motion</u>. Except with respect to the proposed assumption or assignment of any Potential Designated Contracts or associated cure amounts, the deadline for objections to the sale of the Debtor's assets or the relief requested in the Motion with respect to the entry of the Sale Order (the "**Sale Objection Deadline**") shall be **January 26, 2017 at 5:00 p.m. (ET)**. Objections to the Motion and entry of the Sale Order must be in writing, clearly specify the

grounds for the objection, conform to the Bankruptcy Rules and the Local Rules, and be filed with the Court and be actually received by such deadline by counsel to the Debtor, counsel to any official committee appointed in this case, and the U.S. Trustee (such parties, the "**Objection Notice Parties**").

7. The following procedures for the assumption and assignment of the Potential Designated Contracts in connection with the Auction and Sale (the "**Contract Procedures**") are hereby approved:

   a. <u>Notice of Cure Amount and Potential Assignment</u>. Within one (1) business day of entry of the Bidding Procedures Order, the Debtor will serve copies of the Bidding Procedures Order and a notice of cure amount and potential assignment (the "**Assignment Notice**"), substantially in the form attached as **Exhibit 3** hereto, on each non-debtor counterparty to an executory contract or unexpired lease that may be assumed and assigned to the Successful Bidder (the "**Potential Designated Contracts**"). If the Debtor or Successful Bidder identifies additional executory contracts or unexpired leases that might be assumed by the Debtor and assigned to the Successful Bidder or that were not set forth in the original Assignment Notice, the Debtor will promptly send a supplemental notice (a "**Supplemental Assignment Notice**") to the applicable counterparties to such additional contract.[4]

   b. <u>Content of Notice</u>. The Assignment Notice may list Potential Designated Contracts individually or in groups of agreements with the same non-debtor counterparty. The Assignment Notice shall identify either the amount that the Debtor believes must be paid to cure all defaults (the "**Cure Amount**") for each Potential Designated Contract or a Cure Amount for multiple Potential Designated Contracts with the same non-debtor counterparty. If no amount is listed on the Assignment Notice with respect to a Potential Designated Contract, the Debtor believes that there is no Cure Amount applicable to such Potential Designated Contract. The Assignment Notice may also identify any additional terms or conditions of assumption and assignment.

---

[4] The inclusion of any contract or unexpired lease on any Assignment Notice or Supplemental Assignment Notice shall not be an admission by the Debtor or its estate that any such contract or unexpired lease is an executory contract, an admission of liability by the Debtor or its estate or effectuate the assumption or assignment of such contract or lease absent entry of such an order by the Court.

{BAY:03000108v1}　　　　　　　　　　　　　　　　5

c. <u>Objections to Cure Amount or Assumption and Assignment</u>. Objections to any Cure Amount identified in the Assignment Notice or to the proposed assumption and assignment of any Potential Designated Contracts (excluding objections based on adequate assurance of future performance) must be in writing and filed with this Court and served on the Objection Notice Parties so as to be received on or before the latest of 5 days after service of the applicable Supplemental Assignment Notice or **January 16, 2017 at 5:00 p.m. (ET)** (the "**Cure Objection Deadline**").

d. <u>Failure to Object; Estoppel</u>. Any non-debtor counterparty to a Potential Designated Contract that has received notice in accordance with the foregoing and does not timely object to the Cure Amount or to the proposed assumption or assignment is deemed to have consented to such Cure Costs and the assumption and assignment of such Potential Designated Contract by the Debtor and to the Successful Bidder, and such party shall be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts, or the existence of further conditions to assumption, assignment and/or transfer must be satisfied, against the Debtor, its estate or any Successful Bidder. Notwithstanding the foregoing, as provided below, each non-debtor counterparty shall retain the right to object to the assumption, assignment or transfer of its Potential Designated Contract, based solely on the issue of whether the Successful Bidder or Back-Up Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

e. <u>Resolution of Cure Amount Objections</u>. Any objection challenging a Cure Amount must set forth the cure amount being claimed by the objecting party and include appropriate documentation in support thereof. In the event that the Debtor and any objecting party are unable to consensually resolve any Cure Objection no later than three (3) business days prior to the Sale Hearing, the Debtor will request that the Court resolve such Cure Objection at (a) the Sale Hearing or (b) at such other date as the Court may designate, provided that if the subject contract or lease is assumed and assigned prior to resolution of any Cure Objection, the cure amount asserted by the objecting party (or such lower amount as may be fixed by the Court) shall be deposited by the Successful Bidder to be held in a segregated account maintained by the Debtor's counsel or such other person as the Court may direct pending further order of the Court or mutual agreement of the parties. Except as may otherwise be agreed to by the parties to a Potential Designated

Contract, the defaults under such contract that is assumed and assigned to a Successful Bidder shall be cured in accordance with section 365(b) of the Bankruptcy Code and by payment of the applicable Cure Amount by the Successful Bidder within ten (10) days after the closing date specified in the Purchase Agreement entered into with a Successful Bidder.

f. <u>Contract Exclusion</u>. The Debtor, the Successful Bidder or the Back-Up Bidder, as the case may be, may determine to exclude any Potential Designated Contract from the list of contracts and leases to be assumed and assigned in a sale to such bidder no later than one (1) business day prior to the Sale Hearing, or, if the Court determines at any hearing on a Cure Objection that the applicable cure amount for such contract is greater than the Cure Amount proposed by the Debtor, no later than one (1) business day prior to the Closing Deadline. The non-debtor counterparty or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

g. <u>Adequate Assurance</u>. As soon as practicable after the Auction, but no later than one (1) day after conclusion of the Auction, the Debtor shall provide electronic notice of the results thereof on the case docket identifying the Successful Bidder and Back-Up Bidder, and by electronic mail (to the extent available) or overnight mail to the non-debtor counterparties to the Potential Designated Contracts that have been identified in such Successful Bid and Back-Up Bid. The Debtor proposes that such non-debtor counterparties have until **January 27, 2017 at 5:00 p.m. (ET)** to object to the assumption, assignment and/or transfer of such Executory Contract and Unexpired Lease solely on the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code. The Successful Bidder or Back-Up Bidder, as the case may be, shall work with any objecting parties to resolve any disputes and/or concerns regarding the Successful Bidder or Back-Up Bidder's ability to provide adequate assurance of future performance. If, however, any disputes cannot be resolved in advance of the Sale Hearing, either party may seek a determination from this Court solely on the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

8. The Sale Notice and the Assignment Notice to be issued in connection with the proposed sale of the Debtor's assets substantially in the forms annexed hereto as **Exhibit 2** and **Exhibit 3**, respectively, are approved.

9. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective immediately upon its entry.

10. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: January 6, 2017
Wilmington, Delaware

The Honorable Laurie S. Silverstein
United States Bankruptcy Judge